UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-9185 PA (Ex) | Date | January 4, 2018 |
| Title | Tiffany Verdin v. Target Corporation, et al. | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand (Docket Nos. 12, 13) filed by Plaintiff Tiffany Verdin ("Plaintiff"). Defendant Target Corporation ("Defendant") has filed an Opposition (Docket No. 20), and Plaintiff has filed a Reply (Docket No. 21). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for January 7, 2019, is vacated, and the matter taken off calendar.

**I.**    **Background**

Plaintiff filed this action on July 11, 2018, in Los Angeles County Superior Court, Case No. BC713691. On August 9, 2018, Defendant removed this action to this Court, alleging that federal subject matter jurisdiction exists over this action under the Court's diversity jurisdiction, 28 U.S.C. § 1332. This Court remanded the action because Defendant had failed to affirmatively allege the citizenship of Plaintiff, but instead only alleged Plaintiff's place of residence. (CV 18-6848, Docket No. 7.) After remand, Defendant propounded form interrogatories on Plaintiff, which, among other things, made inquiries into issues related to Plaintiff's domicile, including where Plaintiff works, lives, holds a driver's license, and attended school. Plaintiff served her responses upon Defendant by mail on September 21, 2018. Defendant received Plaintiff's verifications to her responses on October 2, 2018. Thereafter, on October 25, 2018, Defendant again removed this action based on diversity jurisdiction relying on Plaintiff's responses to its discovery requests as "newly discovered information" which put Defendant on notice of the case's removability. Plaintiff filed a Motion to Remand and argues that the removal is untimely and thus does not meet the procedural requirements of 28 U.S.C. § 1446.

**II.**    **Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The bases for federal subject matter jurisdiction are federal question jurisdiction under 28 U.S.C. § 1331, diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and patent jurisdiction under 28 U.S.C. § 1338(a).


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9185 PA (Ex) | Date | January 4, 2018 |
|---|---|---|---|
| Title | Tiffany Verdin v. Target Corporation, et al. | | |

A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001) (citing Schwartz v. FHP Int'l Corp., 947 F.Supp. 1354, 1360 (D. Ariz. 1996)). These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id. § 1446(b)(3).

### III. Discussion

As an initial matter, the parties disagree over whether unverified interrogatory responses qualify as "other paper[s]" starting the deadline for removal. See id. Courts within this district have held that unverified discovery responses do qualify as "other paper[s]" and trigger the 30-day period for removal. See Najera v. Costco Wholesale Corp., No. CV 17–7585–MWF (MRWx), 2017 WL 6033666, at *3 (C.D. Cal. December 6, 2017) (concluding that "unverified discovery responses qualify as 'other papers' under § 1446(b)(3)"); Santos v. SMX, LLC, No. CV 17–866–PSG (DTBx), 2017 WL 2825924, at *3 (C.D. Cal. June 29, 2017) ("[E]ven if an unverified response is 'no response[ ] at all' for evidentiary purposes, an unverified response can provide notice of the removability of a case."); see also Torres v. Utility Tree Serv., Inc., No. CV 16–3424–BLF, 2017 WL 30561, at *3 (N.D. Cal. Jan. 3, 2017) ("[W]hile the Court acknowledges that civil procedural rules require the responses be verified or made 'under oath,' such rules do not preclude finding that an unverified discovery response can serve as a proper section 1446(b) notice for purposes of removal."). This Court agrees that regardless of the requirement under California law that discovery responses be verified, unverified responses still provide defendants notice of removability. Thus, the Court finds that service of Plaintiff's unverified interrogatory responses triggered the deadline for removal.

Additionally, the parties disagree over whether Defendant receives a three or five-day extension to file its notice of removal because service was accomplished by mail. Plaintiff served her unverified discovery responses on September 21, 2018 via U.S. mail under California Code of Civil Procedure § 1013. Defendant argues that, pursuant to section 1013, the time period for removal was extended by five days. See Cal. Code Civ. Proc. § 1013 ("Service is complete at the time of the deposit, but any period of notice and any right or duty to do any act or make any response within any period or on a date certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-9185 PA (Ex) | Date | January 4, 2018 |
|---|---|---|---|
| Title | Tiffany Verdin v. Target Corporation, et al. | | |

after service of the document, which time period or date is prescribed by statute or rule of court, shall be extended five calendar days, upon service by mail, if the place of address and the place of mailing is within the State of California . . . ."). Defendant cites to several unpublished district court cases which have applied Code of Civil Procedure § 1013 and given the removing defendant an additional five calendar days to file a notice of removal, but did not discuss Federal Rule of Civil Procedure 6(d). See, e.g., Duran v. DHL Express (USA), Inc., No. CV 15-09965-BRO (EX), 2016 WL 742864, at *5 n. 6 (C.D. Cal. Feb. 24, 2016); Johannson v. Wachovia Mortg. FSB, No. C 11-02822 WHA, 2011 WL 3443952, at *2–*3 (N.D. Cal. Aug. 5, 2011); Herwick v. Budget Rent A Car Sys., Inc., No. CV10-00409 SJO (PLAx), 2010 WL 11549541, at *1 n.3 (C.D. Cal. Mar. 10, 2010). Thus, Defendant argues its removal on October 25, 2018 was timely because the deadline to file a notice of removal was October 26, 2018, 35 days after service on September 21, 2018.

Plaintiff, on the other hand, argues that the three-day extension found in Federal Rule of Civil Procedure 6(d) applies. The Court agrees. "[A]lthough state law determines when service is made, federal law defines the procedure for the federal removal statute." Student A. By & Through Mother of Student A. v. Metcho, 710 F. Supp. 267, 268 (N.D. Cal. 1989) (citing Chicago, Rock Island & Pacific R.R. v. Stude, 346 U.S. 574, 580 (1954) ("It is a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute.")). "Federal Rule of Civil Procedure 6 governs computation of time for purposes of [the removal] statute." Id. Here, service of the unverified interrogatory responses was complete on September 21, 2018 when placed in the mail, see Cal. Code Civ. Proc. § 1013 ("Service is complete at the time of the deposit . . . ."), and the 30-day period for removal was extended by 3 days under Federal Rule of Civil Procedure 6(d), which states that "[w]hen a party may or must act within a specified time after being served and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)." Thus, Defendant had until October 24, 2018 to timely remove this action, but removed one day late on October 25, 2018. Strictly construing the removal statute as we must, the Court finds the Notice of Removal is therefore untimely.

### Conclusion

Based on the foregoing, the Court concludes that Defendant has failed to meet the procedural requirements of removal. Accordingly, Plaintiff's Motion to Remand is granted. This case is remanded to Los Angeles Superior Court, Case No. BC713691. Both parties have filed requests for attorney's fees. Because the Court finds Defendant's removal was untimely, Defendant is not entitled to its attorney's fees. The Court also declines to award fees to Plaintiff caused by Defendant's filing of the Notice of Removal because the filing of the Notice of Removal was not objectively unreasonable. See 28 U.S.C. § 1447(c) (providing that remand orders "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal"); Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

IT IS SO ORDERED.